# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANNE M. KENT,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-844E-15-0640-B-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE: December 1, 2016 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Anne M. Kent, Hohenwald, Tennessee, pro se.

Linnette Scott, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1　　The appellant has filed a petition for review of the remand initial decision, which affirmed the reconsideration decision by the Office of Personnel Management (OPM) dismissing the appellant's request for reconsideration of OPM's initial decision as untimely filed. For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

GRANT the appellant's petition for review, reverse the remand initial decision's finding that the appellant failed to show that she was prevented by circumstances beyond her control from timely filing a request for reconsideration, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2        The appellant retired from Federal service and began receiving disability retirement benefits under the Federal Employees' Retirement System (FERS) in 1999. *Kent v. Office of Personnel Management*, MSPB Docket No. AT-844E-15-0640-I-1, Initial Appeal File (IAF), Tab 5 at 55, 128. On May 18, 2011, OPM issued a disallowance decision informing her that she was not eligible for continued disability retirement payments and that her payments would stop after May 1, 2012. *Id.* at 21, 23. The disallowance decision set forth the appellant's right to request reconsideration of the decision, explaining that the request "must be received by OPM within 30 days of the date of this letter." *Id.* at 22. The appellant requested reconsideration in a letter dated June 21, 2011, stating, in part, that she received the disallowance decision on June 10, 2011. *Id.* at 19.

¶3        Over 3 years later, by letter dated October 29, 2014, OPM informed the appellant that her request for reconsideration was untimely filed outside of the 30-day time limit set forth in the disallowance decision. *Id.* at 7. The letter stated that OPM had the discretion to extend the time limit in limited circumstances prescribed by regulation—specifically, when an individual shows that she was not notified of the time limit and was not otherwise aware of it, or that circumstances beyond her control prevented her from making a timely request for reconsideration—and instructed her to submit evidence showing that she met one of these criteria. *Id.* at 7-8. The letter was returned to OPM as undeliverable, however, and OPM did not attempt to redeliver it to the appellant. *Id.* at 9; *Kent v. Office of Personnel Management*, MSPB Docket No. AT-844E-

15-0640-B-1, Remand File (RF), Tab 4 at 3. On June 3, 2015, OPM issued a reconsideration decision finding that the appellant failed to present any evidence showing that she was unable to file a request for reconsideration within the regulatory time limit and dismissing her reconsideration request as untimely filed.[2] IAF, Tab 5 at 4-5.

¶4      The appellant timely appealed OPM's reconsideration decision to the Board. IAF, Tab 1. In an initial decision, the administrative judge found that the appellant failed to establish that OPM's determination of untimeliness was unreasonable or an abuse of discretion and affirmed OPM's reconsideration decision. IAF, Tab 12, Initial Decision (ID). The appellant filed a petition for review, and the Board vacated and remanded the initial decision, finding that the administrative judge did not provide the appellant with correct notice of her jurisdictional burden and failed to conduct the correct review of OPM's timeliness determination. *Kent v. Office of Personnel Management*, 123 M.S.P.R. 103, ¶¶ 9-12 (2015); *Kent v. Office of Personnel Management*, MSPB Docket No. AT-844E-15-0640-I-1, Petition for Review File, Tabs 1, 5. After affording the appellant notice of her burden of proof and an opportunity to respond, the administrative judge issued a remand initial decision again affirming OPM's dismissal of her request for reconsideration as untimely filed. RF, Tab 5, Remand Initial Decision (RID) at 3-5.

¶5      The appellant has filed a petition for review of the remand initial decision and a supplemental statement in support of her petition. *Kent v. Office of Personnel Management*, MSPB Docket No. AT-844E-15-0640-B-1, Remand Petition for Review (RPFR) File, Tabs 3, 8. OPM has not responded to the appellant's petition for review.

---

[2] Although the reconsideration decision is dated "June 3, 2014," IAF, Tab 5 at 4, OPM has stipulated that it was issued on June 3, 2015, and that the incorrect year was a typographical error, IAF, Tab 9.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶6  Under FERS, a request for reconsideration of an initial decision issued by OPM regarding retirement benefits generally must be received by OPM within 30 calendar days from the date of the initial decision. 5 C.F.R. § 841.306(d)(1). When OPM dismisses an individual's request for reconsideration of an initial decision as untimely filed, the Board has jurisdiction over an appeal concerning the timeliness determination. *Kent*, 123 M.S.P.R. 103, ¶ 7.

¶7  In reviewing OPM's timeliness determination, the Board first will determine whether the appellant qualified for an extension under OPM's regulations, which provide that OPM may extend the time limit when the individual shows either that: (1) she was not notified of the time limit and was not otherwise aware of it; or (2) she was prevented by circumstances beyond her control from making the request within the time limit. *Id.*, ¶ 8; 5 C.F.R. § 841.306(d)(2). The good cause standard the Board would apply to cases untimely filed with the Board is a more lenient standard than the narrower factual criteria under 5 C.F.R. § 841.306(d)(2). *Azarkhish v. Office of Personnel Management*, 915 F.2d 675, 677 n.1 (Fed. Cir. 1990); *Kent*, 123 M.S.P.R. 103, ¶ 7. If the appellant establishes that she qualified for an extension or waiver of the filing deadline under section 841.306(d)(2), the Board then will consider whether OPM acted unreasonably or abused its discretion in refusing to extend or waive the time limit and dismissing her request for reconsideration as untimely filed. *Kent*, 123 M.S.P.R. 103, ¶ 8. If the Board determines that OPM's timeliness determination was unreasonable or an abuse of discretion, the Board will reverse OPM's dismissal of the request for reconsideration as untimely filed. *Id.*, ¶ 7.

¶8  The appellant argued below that it was impossible for her to provide OPM with the documentation it requested within 30 days and that she "did everything [she] could in a timely manner." RF, Tab 3 at 6-10. She explained that, during the response period, she had to move out of her house and was in the middle of a

divorce, and that her ex-husband was taking her mail. *Id.* She further asserted that her response was only 1 or 2 days late, while OPM took more than 3 years to notify her that her request for reconsideration was untimely filed. *Id.* at 7. In the remand initial decision, the administrative judge found that the appellant did not qualify for a filing deadline extension under OPM's regulatory criteria because she was notified of, and was aware of, the filing deadline, and she failed to show that circumstances beyond her control prevented her from timely requesting reconsideration of the disallowance decision. RID at 3-5. Thus, the administrative judge did not reach the issue of whether OPM was unreasonable or abused its discretion in dismissing the appellant's request for reconsideration as untimely filed. RID at 3-5.

¶9      On review, the appellant argues that the administrative judge erred in finding that she failed to show that she was prevented by circumstances beyond her control from timely filing a request for reconsideration. RPFR File, Tab 3 at 4-6, Tab 8 at 5-6. Specifically, she argues, as she did below, that she requested reconsideration as "quickly as [she] could while moving, going through a very nasty violent divorce, being sent to several doctors, having tests done [and] getting results." *Id.* She also asserts that the 30‑day filing period should begin to run on the day she actually received the disallowance decision or on the next business day after it was mailed, which would make her June 21, 2011 request for reconsideration timely filed. RPFR File, Tab 3 at 4.

¶10     As we noted in our remand order, the Board previously has held that an individual is entitled to a reasonable period of time to request reconsideration after the belated receipt of an initial OPM decision. *Kent*, 123 M.S.P.R. 103, ¶ 11 n.7. Accordingly, the Board specifically directed the administrative judge to determine when the appellant received OPM's disallowance decision and to weigh this factor in determining whether she was prevented by circumstances beyond her control from requesting reconsideration within the 30‑day time limit. *Id.* In

the remand initial decision, the administrative judge appears to adopt the appellant's unchallenged assertion that she received OPM's May 18, 2011 disallowance decision on June 10, 2011. RID at 2. OPM has not challenged this finding on review, and we find no basis to disturb it.[3] Thus, it follows that the appellant's delayed receipt of the disallowance decision deprived her of 23 days of her 30‑day filing period. Nonetheless, the administrative judge found that the appellant failed to show that she was prevented by circumstances beyond her control from making a timely request for reconsideration, even considering her shortened response time due to the mailing delay. RID at 3‑4. We disagree.

¶11    In *Williams v. Office of Personnel Management*, OPM dismissed the appellant's request for reconsideration as untimely filed by 1 day, and the appellant appealed the dismissal to the Board. *Williams v. Office of Personnel Management*, 100 M.S.P.R. 190, ¶¶ 2‑3, 8‑10 (2005). The Board found that the appellant in *Williams* was prevented by circumstances beyond her control from filing a timely request for reconsideration because she: did not receive OPM's December 14, 2003 initial decision until December 23, 2003; she was experiencing medical conditions throughout the filing period; she attempted to call OPM to seek an extension of the filing period due to her incapacitating medical conditions; and OPM's initial decision did not contain information regarding its discretion to grant an extension to the filing period. *Id.*, ¶¶ 8-10.

¶12    As in *Williams*, the appellant here was deprived of a significant portion of the 30-day filing period as a result of a mailing delay. Moreover, as in *Williams*, the disallowance decision here does not contain information regarding OPM's discretion to extend the filing period, nor the criteria for obtaining an extension, nor even information as to when or how an extension request must be made. IAF,

---

[3] It appears that OPM sent the disallowance decision to a partially incorrect address; the appellant's address in the heading of the disallowance decision lacks the apartment number, and includes only the street address of her building. *Compare* IAF, Tab 5 at 21, *with id.* at 27. As such, it is reasonable to expect that delivery would be delayed.

Tab 5 at 21-22; *Williams*, [100 M.S.P.R. 190](#), ¶ 10. Although the appellant in *Williams*, unlike the appellant here, attempted to contact OPM by telephone to request an extension and suffered from medical conditions that inhibited her ability to meet the filing deadline, she had nearly 20 days remaining of her 30-day filing period when she received OPM's initial decision, while the appellant here had only 7 days remaining. Accordingly, under the particular facts of this case, we find that the appellant was prevented by circumstances beyond her control from filing a timely request for reconsideration and, therefore, that she has met the regulatory requirement for a filing period extension under [5 C.F.R. § 841.306](#)(d)(2).

¶13        We must determine next whether OPM acted unreasonably or abused its discretion in refusing to extend or waive the time limit and dismissing the appellant's request for reconsideration as untimely filed. *Kent*, [123 M.S.P.R. 103](#), ¶ 8. To be timely, the appellant's request for reconsideration of OPM's May 18, 2011 initial decision must have been received by OPM no later than Friday, June 17, 2011. *See* [5 C.F.R. §§ 841.109](#), 841.306(d)(1). Although it is unclear from the record when OPM received the appellant's June 21, 2011 request for reconsideration, OPM has stated that the envelope was postmarked June 22, 2011. IAF, Tab 5 at 4. Assuming 5 days for mailing, OPM received the appellant's request for reconsideration on or by Monday, June 27, 2011—at most, 10 days past the filing deadline.

¶14        In her request for reconsideration, the appellant indicated that she received the May 18, 2011 disallowance decision on June 10, 2011. *Id.* at 19. However, OPM did not acknowledge, or appear to consider, the appellant's assertion regarding the delayed delivery in finding that she failed to show that she was unable to request reconsideration within the time limit. *Id.* at 4. Rather, OPM explained only that, "[o]n October 2014 we sent you a letter requesting evidence that would qualify for a waiver based on [the regulatory criteria]. As of the date of this letter we have received no evidence from you regarding these criteria." *Id.*

Thus, OPM concluded, "[s]ince you have not presented evidence to show that you were unable to file a request for reconsideration within the time limit provided by regulation, your reconsideration request is being dismissed as untimely filed." *Id.*

¶15    Although OPM's determination rests on the appellant's failure to present evidence in response to the October 29, 2014 timeliness letter, OPM was well aware that she never received that letter. *Id.* at 9; RF, Tab 4 at 3. As stated above, the timeliness letter was returned to OPM as undeliverable, and OPM concedes that it did not attempt to redeliver the letter or make "a subsequent attempt to inform the appellant of her opportunity to show that she was eligible for an extension of the filing deadline."[4]    IAF, Tab 5 at 9; RF, Tab 4 at 3. Further, even if the appellant had received the October 29, 2014 timeliness letter, her ability to prove that circumstances prevented her from timely filing her request for reconsideration during a 7-day period in June 2011, was substantially prejudiced by OPM's unreasonable delay of more than 3 years in contacting her regarding the timeliness of her request for reconsideration. Again, however, OPM did not acknowledge or consider its failure to timely act in dismissing the appellant's request for reconsideration as untimely filed. IAF, Tab 5 at 4. Lastly, because it appears that OPM failed to properly address the disallowance decision, the delayed delivery and the appellant's shortened response time was due to OPM's error. IAF, Tab 5 at 21, 27.

¶16    In light of the above, as well as the appellant's relatively short delay after receiving the disallowance decision, we find that OPM acted unreasonably and abused its discretion in refusing to extend or waive the time limit and dismissing the appellant's request for reconsideration as untimely filed. Accordingly, we reverse OPM's dismissal of the appellant's request for reconsideration as untimely filed. *Kent*, 123 M.S.P.R. 103, ¶ 7.

---

[4] Although OPM suggests that the letter was sent to the correct address and that the appellant failed to claim it, OPM has not provided a legible copy of the envelope showing the address to which it was mailed. RF, Tab 4 at 3. *Id.* at 9.

¶17      When, as here, the Board determines that OPM's timeliness determination was unreasonable or an abuse of discretion, Board jurisdiction attaches to the merits of the appeal. *Id.* The administrative judge may now adjudicate the merits of OPM's disability retirement determination. *See Williams*, 100 M.S.P.R. 190, ¶ 11.

## ORDER

¶18      For the reasons discussed above, we remand this case to the regional office for adjudication on the merits of OPM's determination that the appellant was not eligible for continued disability retirement payment.


FOR THE BOARD:                _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.